

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,105-01

### EX PARTE TOSHA LYNN HOUSTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 249-00873A IN THE 249TH DISTRICT COURT
### FROM SOMERVELL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to possession of a controlled substance, and was sentenced by a jury to eighty years' imprisonment. The Tenth Court of Appeals affirmed her conviction. *Houston v. State*, No. 10-16-00219-CR (Tex. App. — Waco 2017) (not designated for publication).

Applicant contends, among other things,[1] that her trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

for various reasons. Trial counsel has submitted an affidavit responding to Applicant's allegations, but the copy of the affidavit included in the habeas record appears to be missing at least a page. The copy of the affidavit in the record does not specifically address Applicant's claim that trial counsel should have filed a motion to suppress evidence, or is missing the portion addressing that claim.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall supplement the habeas record with a complete copy of trial counsel's affidavit. If trial counsel did not address the issue of why he did not file a motion to suppress evidence seized in a traffic stop and in a subsequent search of Applicant while in jail in his affidavit, trial counsel shall order trial counsel to respond to those specific issues. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  November 7, 2018

Do not publish